# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| MAURICE JONES, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BILLY E. SMITH, et al., )<br>)<br>Defendants. ) | Case No. 6:22-cv-03079-MDH |

## ORDER

Before the Court are Defendant Tiffany Pobst's Motion to Stay and Plaintiff Jones' Motions to Terminate and Reappoint Counsel and to Obtain a Medical Expert. Attorney Allison Hershewe was previously appointed to represent Plaintiff in this matter, though Plaintiff himself, independent of Attorney Hershewe, filed his motions that remain pending. For reasons herein, all Motions are **DENIED**.

Plaintiff is currently in the custody of the Missouri Department of Corrections, housed within the South Central Correctional Center ("SCCC") in Licking, Missouri. Plaintiff's complaint alleges violations of 42 USC § 1983 and the United States Constitution stemming from allegations that Defendants Smith and Donohue intentionally injured Plaintiff's hand, and that Defendant Pobst, a nurse employed by Corizon LLC who worked at SCCC, failed to adequately treat Plaintiff's injuries. Defendants previously moved for summary judgment, which was granted in part and denied in part. After the ruling on summary judgment, this Court appointed Attorney Hershewe to represent Plaintiff.

1

Defendant Pobst seeks a stay in this matter because her employer at the time of the events giving rise to this case, Corizon LLC, has filed for Chapter 11 relief in the United States Bankruptcy Court for the Southern District of Texas under cause number 23-90086. The Chapter 11 proceeding has triggered an automatic stay of all litigation in which Corizon LLC is a named defendant. Corizon LLC, however, is not a named defendant in this matter.

Defendant Pobst concedes that Corizon LLC no longer employs her. But Defendant Pobst also contends that the present matter is in effect a suit against Corizon LLC, since the complained-of conduct occurred during the course and within the scope of her employment. Further, Corizon LLC has traditionally paid for legal expenses for employees sued for conduct during the scope of their employment and Corizon's insurance coverage remains unavailable for any settlement or judgment during the course of the bankruptcy proceeding and corresponding automatic stay.

Nonetheless, Defendant Pobst acknowledges that the present case is not included on any list of cases automatically stayed by the pending bankruptcy proceeding. Rather, Defendant Pobst argues that "a motion is likely to be filed soon in the bankruptcy proceeding seeking to additionally extend the stay to cases where individual former employee defendants of Corizon are named, such as this matter, under an 'indemnification' obligation theory or any other reason." (Doc. 121 at 2).

Plaintiff contends that Defendant Pobst has indicated that she was an employee of Corizon *and* Centurion at the time of the events giving rise to this suit. Plaintiff also indicates that no insurance policies have been subject to discovery, making it impossible for Plaintiff to

confirm at this stage whether Defendant Pobst may be covered by another insurance policy that remains available despite the automatic stay.

Because the present matter is not specifically included among those cases to which the automatic stay applies and because Corizon LLC is not a named defendant in the present matter, Defendant Pobst's Motion to Stay is **DENIED** without prejudice at this time.

Plaintiff has also filed two motions with this Court, styled Motion to Terminate and Reappoint Counsel and Motion to Obtain a Medical Expert. Plaintiff has filed these handwritten motions on his own, independent of his appointed counsel. The Court notes that these Motions were filed by Plaintiff less than one month after this Court appointed Attorney Hershewe to represent Plaintiff in this matter. Further, Plaintiff's allegations in these two motions are conclusory, altogether void of specific facts that that would lend support for relief requested. The court is aware of the experience and reputation appointed counsel brings to Plaintiff's representation and has every confidence Plaintiff's legal interests will be capably advocated in this matter. Plaintiff's Motions are therefore **DENIED** without prejudice at this time.

**IT IS SO ORDERED.**
**Dated: September 14, 2023**              **/s/ Douglas Harpool**
                                           **DOUGLAS HARPOOL**
                                           **United States District Judge**